UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RANDY ALLEN HART,

            Plaintiff,

v.                                          Case No. 8:11-cv-1590-T-33AEP

SHERIFF GRADY JUDD,
POLK COUNTY JAIL,
SECURITY DIVISION,
et al.,

            Defendants.

_____

**O R D E R**

        The Court has for its consideration the pro se prisoner Plaintiff Hart's civil rights

complaint filed against Defendants pursuant to 42 U.S.C. § 1983.   The Court has

undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. §

1915A. After doing so, the Court has determined that Plaintiff's complaint must be

dismissed for the following reasons.

**Plaintiff's Allegations**

        Plaintiff Hart, who is incarcerated in the South County Jail, Polk County, Florida,

contends that the Defendant Sheriff knowingly falsified official documents from April 13,

2011 until June 30, 2011.  As a result, Hart contends that he suffered hardship and mental

anguish.   Hart contends that the Sheriff is violating West's F.S.A. §838.022(1).   Hart

contends that he is violating this statute by housing Hart with dangerous violent criminals.

1

Hart also contends that the Sheriff is retaliating against Hart by housing him in the mental health unit in the Polk County Jail Facility, forcing Hart to be housed with dangerous violent criminals.

Hart has not alleged any facts to support these conclusory allegations.  Instead, he refers this Court to his civil law suit that Hart filed in the Florida courts to determine the facts supporting Hart's claims against the Sheriff.

Hart seeks $300,000 "monetary relief."

## DISCUSSION

### Standard of Review

The Court construes Hart's filing of the complaint without payment of a filing fee as his desire to proceed in forma pauperis.  Since Hart seeks to proceed in forma pauperis, the Court may dismiss the complaint if it finds that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.* 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 520 U.S. 544 (2007).

**Analysis**

To state a claim in a civil rights action under 42 U.S.C. § 1983, Hart must allege that he was deprived of a right secured by the Constitution and Laws of the United States by someone acting under color of state law.  *See Daniels v. Williams*, 474 U.S. 327 (1986); *Dollar v. Haralson County,* 704 F.2d 1540, 1542-43 (11th Cir.), *cert. denied*, 464 U.S. 963 (1983).  Section 1983 does not create substantive rights; rather, it provides remedies for rights established elsewhere in the Constitution or federal statutes.  *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  An underlying constitutional right must exist before a §1983 action will lie. *See Wideman*, 826 F.2d at 1032.

Although Hart contends that the Defendants have violated his Eighth Amendment rights, he has not provided any facts to support this claim. The fact that Hart is incarcerated in a public jail exposes him to being housed with dangerous, violent criminals.  Hart has not provided any facts to show that any Defendant is retaliating against him by purposefully housing him with the most dangerous and violent criminals in the Polk County Jail. In addition, Hart's claim that the Sheriff and the Polk County Jail violated Hart's rights pursuant to a Florida Statute is not cognizable in this federal case, as his claim is a state law claim.

Furthermore, Hart is attempting to hold the Sheriff liable under the theory of *respondeat superior.  Respondeat superior*, however, is not actionable in 42 U.S.C. §1983 complaints.  In *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) the Eleventh Circuit stated:

> The Sheriff had no direct contact with Goebert. The basis for her claim

3

against him is his office's supervisory responsibilities over the jail. We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions. *Cottone*, 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone*, 326 F.3d at 1360).

As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir.1986).

Goebert's official capacity claim against Sheriff Scott relies on the Lee County Jail's policy of not permitting inmates to lie down during the daytime without a pass coupled with the staff's failure to issue such passes when medically necessary. The policy of not permitting inmates to lie down at their leisure during the daytime is a reasonable one. It certainly is not facially unconstitutional. Goebert's claim, in effect, is that this facially constitutional policy was implemented in an unconstitutional manner-one that ignored medical needs.

Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. *See West*, 496 F.3d at 1329 (" 'The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.' " (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)); *Mathews v. Crosby*, 480 F.3d 1265, 1271 (11th Cir.), *petition for cert. filed*, 76 U.S.L.W. 3050 (U.S. Jul. 23, 2007) (No. 07-86) (reviewing the facts in the light most favorable to the plaintiff to determine "whether [a prison warden] was put on notice by a history of widespread abuse at [the prison], or whether he had established customs or policies resulting in deliberate indifference to a prisoner's constitutional rights"); *Marsh*, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to

4

do so].").  As the Supreme Court has stated, " 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

Goebert has not shown that the Sheriff had actual knowledge that the lie-in pass policy was being implemented in a way that ignored medical needs. There is no evidence that he knew that, if it was a fact. Nor has Goebert shown that the misapplication of the policy was so widespread that we can attribute constructive knowledge to the Sheriff. In fact, she has not shown that any other inmate had ever been denied a lie-in pass when needed for medical reasons. As a result, she has "failed to meet the 'extremely rigorous' standard for supervisory liability." *West*, 496 F.3d at 1329 (quoting *Cottone*, 326 F.3d at 1360). The district court correctly granted summary judgment to Sheriff Scott.

510 F.3d at 1331, 1332. *See also, Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985); *Bozeman v. Orum*, 199 F. Supp 2d 1216 (M.D. Ala. 2002).  Hart has not met the standard for holding Defendant Sheriff Grady Judd liable under the theory of *respondeat superior*.

Finally, Polk County Jail is not a proper defendant.  The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (citing Fed.R.Civ.P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla.1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga.1984) (same); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla.1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office)*; Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill.1979) (same). For claims against a sheriff's department

or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See Mitchell v. Untreiner*, 421 F.Supp. 886, 888 (N.D. Fla.1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); *Avant v. Rice, supra; Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH (N.D. Fla.2004), doc. 10, p. 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity.").

Thus, this complaint fails to state a claim on which relief may be granted.

Accordingly, the Court orders:

That Hart's complaint (Doc. 1) is dismissed, without prejudice.  The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on August 10, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Randy Allen Hart